# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEW WEATHERVANE RETAIL | ) | Case No. 04-11649 (PJW) |
| CORPORATION, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 543 |
| | ) | |
| | ) | |

## ORDER GRANTING JOINT MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASES OF NEW WEATHERVANE RETAIL CORPORATION AND NEW WEATHERVANE REAL ESTATE CORPORATION PURSUANT TO SECTION 1112(b) OF THE BANKRUPTCY CODE AND TO AUTHORIZE DISTRIBUTION OF FUNDS TO CREDITORS

Upon the joint motion dated July 26, 2005, (the "Motion")[1] of New Weathervane Retail Corporation and New Weathervane Real Estate Corporation, debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee," and together with the Debtors, the "Movants"), for an order pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") (a) dismissing the Debtors' chapter 11 bankruptcy cases, (b) authorizing the Movants to distribute any funds remaining their possession to creditors, and (c) granting such other and further relied as the Court deems just and proper; and this Court having reviewed the Motion and having conducted a hearing on the Motion on August 29, 2005, at which time the Movants and all parties in interest were given an opportunity to be heard; and it appearing that the notice of the Motion haven been given to (a) the Office of the United States Trustee, and (b) all creditors who have (i) filed claims as of their respective bar dates, (ii) are listed in the Debtors' Schedules, or (iii) who have filed a notice of appearance; and the Court finding that (a) the Court has jurisdiction

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (b) notice of the Motion and the opportunity for a hearing thereon were adequate and appropriate and no other notice need be given, (c) the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein, and (d) the requested relief in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED,** that the Motion is hereby granted; and it is further

**ORDERED,** that pursuant to section 1112(b) of the Bankruptcy Code, the Debtors' chapter 11 bankruptcy cases are hereby dismissed; and it is further

**ORDERED,** that the Movants are authorized to distribute the funds remaining in the Account to the creditors listed on Exhibits A and B attached hereto; and it is further

**ORDERED,** that the counsel to the Committee, Kronish Lieb Weiner & Hellman LLP ("Kronish Lieb"), is authorized to distribute the funds in the Carveout Fund to the creditors listed on Exhibits B and C attached hereto; and it is further

**ORDERED,** that if a party-in-interest disputes the amount of any unsecured claim as listed on **Exhibit C** and objects to the distribution on **Exhibit C**, such party-in-interest (the "Objecting Party") must mail, fax or e-mail its objection with documentation supporting its objection **on or before September 30, 2005** to: (a) Counsel to the Committee: Kronish Lieb Weiner & Hellman LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Gregory Plotko, Esq., e-mail: gplotko@kronishlieb.com; Fax No. 212-479-6275); and (b) the holder of the unsecured claim to which the Objecting Party is objecting. In its objection, the Objecting Party must state the grounds for the objection with particularity. Kronish Lieb shall review all claim objections within 30 days after receipt of such objection and supporting documentation and consult with the

2

Objecting Party and the holder of any such claim in order to attempt to resolve the objection. If Kronish Lieb, the Objecting Party and/or the holder of such claim cannot agree, then Kronish Lieb shall refer the matter to binding arbitration. All fees and expenses relative to the resolution of a claims objection incurred by Kronish Lieb and the Debtors shall be borne by the Objecting Party; and it is further

**ORDERED,** it shall be within the Movants' sole discretion to determine when a distribution from the Account and the Carveout Fund shall be made; and it is further

**ORDERED,** that it shall be within the Movants' sole discretion to determine whether to make any distribution that would result in a distribution of less than $25.00; and it is further

**ORDERED,** that any distributed check(s) that have not been claimed and/or cashed after 90 days from the date of such check(s) shall be deemed void; and it is further

**ORDERED,** that any funds that remain in the Account after said 90 day period, after reduction for the costs of administration of the fund shall be paid *pro rata* to creditors listed on the Exhibits attached to the Motion to the extent that such a distribution is economically reasonable; and it is further

**ORDERED,** that if any funds remain in the in the Account or the Carveout Fund after payment of the above and such amounts are such that after the cost of distribution the amount distributed to each creditor would be *de minimis* then Kronish Lieb is authorized to donate said funds to a recognized charitable organization; and it is further

**ORDERED,** that any party not objecting to the relief requested by the Motion is barred from asserting any claims against the Account, against counsel to the Debtors acting as escrow agent for the Account, and against Kronish Lieb as escrow agent for the Carveout Fund; and it is further

3

**ORDERED,** that $20,000.00 be set aside from the Account and Carveout Fund for costs necessary for the administration of the distributions from the Account and the Carveout Fund; and it is further

**ORDERED,** that the Movants shall provide a report or reports to the U.S. Trustee after the distribution contemplated in the Motion and authorized by this Order is made, on the specific distributions made to the creditors and on any checks that were unclaimed; and it is further

**ORDERED,** that the resignation of Russell Burns as Treasurer of the Debtors shall be effective as of the date of this Order; and it is further

**ORDERED,** that, notwithstanding his resignation, Russell Burns shall be authorized to execute checks on behalf of the Debtors for the disbursement of the Account; and it is further

**ORDERED,** from and after the date of this Order, none of the Debtors, nor the Committee, and none of the Debtors' and Committee's respective present or former directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity), shall have or incur any liability to any person, for any act taken or omitted to be taken in connection with or related to the formation, preparation, dissemination, implementation, confirmation or consummation of the Motion (other than an action in contravention of the Motion or the implementation of this Order), or any contract, instrument, release or agreement or document created or entered into, or any other act taken or omitted to be taken in connection with the Motion; provided, however, that the foregoing shall not affect the liability that otherwise would result from any such act or omission to the extent that such act or omission is determined by this Order to have constituted gross negligence or willful misconduct; and it is further

**ORDERED,** that, notwithstanding section 349 of the Bankruptcy Code, prior Orders of the Court shall survive the dismissal of this case; and it is further

4

**ORDERED**, that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any Order of this Court and to rule on the allowance of the interim and final compensation of professionals retained in these cases.

Dated: Wilmington, Delaware
Sept 2 , 2005

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE